**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **VICKI WALTON,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:15-CV-3191-N-BK** |
| | § | |
| **U.S. BANK, N.A., et al.,** | § | |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this case was referred to the magistrate judge for pretrial management. Construing Plaintiff's *pro se* complaint liberally, she raised claims of quiet title and a violation of the Texas Deceptive Consumer Practices Act ("TDCPA") based on Defendant U.S. Bank's misrepresentations about its ability to foreclose on her residence (the "Property"). Doc. 1-3 at 4. Defendants filed their *Motion for Summary Judgment* on February 4, 2016. Doc. 20. In their motion, Defendants seek both dismissal of Plaintiff's case and judgment in their favor on their counterclaim for judicial foreclosure on the Property. Doc. 21. Plaintiff, who was then represented by legal counsel, was required to file her response, if she opposed the relief requested, by February 25, 2016, but she did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Consequently, the Court issued an *Order to Show Cause*, warning Plaintiffg that she risked dismissal of her case pursuant to Defendants' motion and/or for failure to prosecute. Doc. 25. Plaintiff was ordered to show cause in writing by March 18, 2016, why she did not respond to Defendants' summary judgment motion. That deadline has now passed, and Plaintiff did not respond as ordered.

**A.  Dismissal of Plaintiff's complaint on summary judgment**

*1. Undisputed facts*

In support of their motion for summary judgment, Defendants have submitted documentation demonstrating the following:  Plaintiff executed a note (the "Note") and a security instrument in June 2006 on the Property, whereby she was to make monthly payments on the principal amount of $105,000.00 payable to New Century Mortgage Company ("New Century").  Doc. 22-1 at 51-52.  The Note and deed of trust provide that if there is any default in the payment of any installment when due or in the performance of any agreement outlined in the Note, the Note holder may elect to accelerate the maturity of the Note at which point the remaining unpaid balance would immediately become due.  Doc. 22-1 at 35, 52.

In February 2009, New Century assigned the security instrument and Note to Defendant U.S. Bank, N.A. ("U.S. Bank").  Doc. 22-3 at 24.  On October 1, 2013, U.S. Bank, through its mortgage servicer Ocwen Loan Servicing, served Plaintiff with a notice of her default on the payments, her right to cure the default by November 1, 2013, and U.S. Bank's intent to accelerate the debt should Plaintiff not cure the default.  Doc. 22-4 at 16.  Plaintiff did not cure her default in the time and manner specified in the notice of default.  Accordingly, in February 2014, U.S. Bank served Plaintiff with a notice of acceleration of the balance of the loan and associated costs.  Doc. 22-4 at 25.

In May 2015, U.S. Bank filed an action in the 68th District Court of Dallas County, Texas, seeking an order allowing it to foreclose on the Property.  Doc. 22-1 at 44-47.  Plaintiff filed the instant suit in state court, which Defendants removed to this court, and the original state court case was dismissed.

### 2. Applicable law

If a party does not file a response to a summary judgment motion, a court is not permitted to enter a "default" summary judgment. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). The court is, however, permitted to accept the movant's facts as undisputed when no opposition is filed. *Id.* Further, a summary judgment non-movant who does not respond to the motion is relegated to her unsworn pleadings, which do not constitute competent summary judgment evidence. *Assoc. of Taxicab Op, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (holding that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Plaintiff's pleadings are not verified and, therefore, she has presented no summary judgment evidence. Accordingly, the court accepts Defendants' evidence and facts as undisputed.

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent

summary judgment evidence showing the existence of a genuine dispute of material fact.
*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* at 587.

   3. *Analysis*

   a. TDCPA claim

   Defendants argue that they are entitled to summary judgment on Plaintiff's claim under the TDCPA because, through their unanswered discovery requests, Plaintiff is deemed to have admitted that Defendants did not make any misrepresentations to her. Doc. 21 at 5.

   The TDCPA permits a consumer to sue for threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt. Tex. Fin. Code § 392.001, *et seq*. The scope of the TDCPA applies to actions taken in foreclosing on real property. *See Biggers v. BAC Home Loans Servicing*, 767 F.Supp.2d 725, 732 (N.D. Tex. 2011).

   Plaintiff did not respond to Defendants' requests that she admit that none of the Defendants misrepresented anything to her. Doc. 22-2 at 9; Doc. 22-3 at 41; Doc. 22-4 at 38. Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, Defendants' requests to Plaintiffs were thus deemed admitted due to her failure to respond. *See* Fed. R. Civ. P. 36(a) (providing that requests for admissions are deemed admitted if not answered within 30 days). Matters deemed admitted are properly considered on summary judgment. *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991). Because Plaintiff is deemed to have admitted that Defendants did not make any misrepresentations to her, Defendants are entitled to summary judgment on her TDCPA claim.

b.  Quiet Title claim

The Court also reads Plaintiff's *pro se* complaint to raise a quiet title claim although Defendants did not address it.  *See* Doc. 1-3 at 4 ("Plaintiff seeks a ruling that she is now, and at all times since June of 2006, the actual owner of the subject property and that any transfers purporting to transfer this ownership interest are void and of no legal effect.").  To prevail on a suit to quiet title, a plaintiff must show: "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable."  *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012).  Moreover, the plaintiff in a quiet title action must recover on the strength of her own title, not on the alleged weakness of the defendant's title.  *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.– Corpus Christi 2001).

Plaintiff contends that the lien on the Property was released, thus giving her clear title, when she received a "Release of Lien" certifying that the loan on the Property had been paid in full.  Doc. 1-3 at 3.  A review of the Release of Lien, however, makes clear that it was issued in connection with Plaintiff's initial loan dating to 2004, but she subsequently signed the Note at issue in this case in 2006, and that Note has not been released.  Doc. 22-1 at 1-20; Doc. 22-1 at 51-54.

Given the evidence of record, Plaintiff cannot survive summary judgment on her quiet title claim.  Accordingly, Plaintiff is allowed fourteen days from the date of this report and recommendation to marshal her evidence in opposition to the *sua sponte* entry of summary judgment on that claim.  *See Love v. Nat'l Med. Enters.*, 230 F.3d 765, 770-71 (5th Cir. 2000) (providing that a district court "may grant summary judgment *sua sponte*, so long as the losing party has ten days' notice to come forward with all of its evidence in opposition to

summary judgment.") (internal citations and quotations omitted).  If Plaintiff fails to timely submit the requisite evidence, the Court should *sua sponte* dismiss her quiet title action because it fails as a matter of law.

**B.  Summary judgment on counterclaim for judicial foreclosure**

Defendants allege in their counterclaim that Plaintiff executed the Note and a security instrument in June 2006, whereby she was to make monthly payments of $786.99 on the principal amount of $105,000.00 payable to New Century.  Doc. 24 at 3.  In April 2009, Defendants contend, the security instrument was assigned to U.S. Bank.  Doc. 24 at 3.  Defendants assert that Plaintiff did not make her July 2013 payment and, pursuant to the terms of the Note, Defendants notified her of the default and accelerated the balance of the loan.  Doc. 24 at 4.

Defendants now seek summary judgment on their counterclaim.  Doc. 21 at 5-6.  They request that, pursuant to the terms of the Note, the security instrument, and Texas Rule of Civil Procedure 309, the court (1) enter an order and judgment against Plaintiff providing for the foreclosure of the lien encumbering the Property; (2) award U.S. Bank its debt, damages, and costs; and (3) provide that the Property be sold at public auction in accordance with the requirements of Texas Property Code Chapter 51.  Doc. 24 at 5.  In the alternative, U.S. Bank seeks entry of an order and judgment permitting it to proceed with a non-judicial foreclosure by posting the Property for public auction in accordance with Chapter 51.  Doc. 24 at 5.  Finally, U.S. Bank requests an award of attorneys' fees and pre- and post-judgment interest.  Doc. 24 at 6.

In this case, the uncontested facts indicate that Plaintiff was in default of her payments under the Note, she was alerted to the default and given an opportunity to cure it, and she did not

do so.  Plaintiff was thereafter notified that the Note had been accelerated, and she did not make the requisite payment of the full amount due either.  As such, Defendants are entitled to summary judgment on their counterclaim.

For the foregoing reasons, it is recommended that Defendants' *Motion for Summary Judgment*, Doc. 20, be **GRANTED** and Plaintiff's TDCPA claim be **DISMISSED WITH PREJUDICE**.  It is further recommended that in the event Plaintiff fails to present competent evidence in support of her quiet title claim within fourteen days of the date of this report and recommendation, that the Court *sua sponte* grant summary judgment in Defendant's favor on that claim and it likewise be **DISMISSED WITH PREJUDICE**.  Finally, because the evidence clearly establishes Defendant's entitlement to judicial foreclosure under Texas state law, it is recommended that the Court enter an order of foreclosure in favor of Defendants, in addition to the other relief they seek by their proposed judgment.

**SO RECOMMENDED** on May 16, 2016.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

8